# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59115-4-II |
| Respondent, | |
| v. | |
| MICHAEL SERGIO BORTOLINI, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, P.J. – Michael Bortolini appeals his conviction of second degree rape. He argues that the trial court committed error in excluding evidence and the prosecutor engaged in misconduct.

The rape victim, EH, retained a victim's advocate who happened to be the sister of Bortolini's girlfriend. The advocate referred EH to an attorney to file a civil lawsuit against Bortolini. At trial, the trial court allowed defense counsel to question EH about the victim advocate's referral to an attorney, but sustained an objection to evidence regarding the relationship between the advocate and Bortolini.

During rebuttal argument, the prosecutor stated that the case came down to a credibility determination and that there is no corroboration requirement if the jury has an abiding belief in what the alleged victim says.

We hold that (1) the trial court did not err in excluding on relevance grounds evidence that the victim's advocate was the sister of Bortolini's girlfriend, and (2) the prosecutor's rebuttal argument was not improper and therefore did not constitute prosecutorial misconduct. Accordingly, we affirm Bortolini's second degree rape conviction.

FACTS

*Background*

Bortolini and EH met on a dating app. On August 26, 2021, they arranged to meet at a bar in Vancouver. After talking at the bar, they picked up some food and then drove their own vehicles to Bortolini's residence. They went into Bartolini's bedroom to eat and watch a movie. EH and Bortolini finished eating and then began consensual kissing.

EH testified that Bortolini kept trying to take her pants off, but she indicated that she was not interested in having sex. She testified that Bortolini then pushed her face down onto his bed, pulled her pants to her knees, and inserted his penis into her while she was resisting. Bortolini testified that EH straddled him and exposed her breast, but no intercourse occurred.

EH left Bortolini's residence and called 911. She was contacted by law enforcement officers and was taken to the hospital for a sexual assault examination. The State charged Bortolini with second degree rape.

*Victim's Advocate Relationship*

During EH's cross-examination, Bortolini asked EH whether she was acquainted with Michelle Bart (the victim's advocate) and how EH had met her. The State objected based on relevance, and the trial court allowed Bortolini to make an offer of proof out of the jury's presence.

During the offer of proof, EH testified that the State originally assigned her a victim's

advocate, but he was not helping her. EH stated that Bart contacted her months after the incident

and Bart became her victim's advocate. EH later learned that Bart was the sister of Bortolini's

girlfriend. EH testified that Bart introduced her to an attorney, who filed a civil lawsuit against

Bortolini for damages.

At this point, Bortolini argued that EH's testimony was relevant as to bias. The trial

court ruled that the filing of the lawsuit was relevant as to motive, but that Bart's relationship

with Bortolini would not show EH's bias and was not relevant.

*Prosecutor's Rebuttal Argument*

During Bortolini's closing argument, defense counsel attacked EH's credibility. On

rebuttal, the prosecutor argued:

> So, ultimately, again, this comes down to a credibility determination. There is no
> requirement in Washington law that there be a corroboration of a victim – or, I'm
> sorry, of a witness' account if you believe them. If you have an abiding believe in
> the truth of what they say. But in this case, we do.

Rep. of Proc. (RP) at 671. Bortolini objected that this misstated the burden of proof. The trial

court overruled the objection.

The jury found Bortolini guilty of second degree rape. Bortolini appeals his conviction.

ANALYSIS

A.    ADMISSIBILITY OF EVIDENCE REGARDING VICTIM'S ADVOCATE

Bortolini argues that the trial court erred by failing to allow him to cross-examine EH

about the relationship between her victim's advocate and Bortolini. We disagree.

1.    Legal Principles

Bortolini argues that the testimony about Bart's relationship with him is admissible

because it is relevant to EH's bias. "Trial courts determine whether evidence is relevant and

3

admissible." *State v. Jennings*, 199 Wn.2d 53, 59, 502 P.3d 1255 (2022). Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." ER 401. Although relevant, evidence still may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." ER 403.

We review a trial court's evidentiary rulings for an abuse of discretion. *State v. Slater*, 197 Wn.2d 660, 667, 486 P.3d 873 (2021). An abuse of discretion occurs when the court's decision is manifestly unreasonable or based on untenable grounds or reasons. *Id.*

2. Analysis

The offer of proof showed only that EH's victim advocate was the sister of Bortolini's girlfriend. Alone, that does not indicate that EH somehow was biased. As a result, this evidence was irrelevant.

Bortolini claims that Bart would have negative feelings about him because he was cheating on her sister, which would cause EH to have more negative thoughts toward Bortolini. But Bortolini's claim is nothing more than speculation; the record does not support his claim. Nothing in Bortolini's offer of proof showed that Bart had negative feelings toward him, that Bart conveyed those negative feelings to EH, or even that Bart knew Bortolini.

Accordingly, we hold that the trial court did not abuse its discretion in excluding evidence that Bart was the sister of Bortolini's girlfriend.[1]

---

[1] Bortolini also suggests that the trial court's exclusion of evidence violated his rights under the Sixth Amendment confrontation clause. We decline to address this claim as it is not supported by meaningful argument. *State v. Arredondo*, 188 Wn.2d 244, 262, 394 P.3d 348 (2017). In addition, Bortolini did not make a confrontation clause argument in the trial court, and a

B.    PROSECUTORIAL MISCONDUCT

Bortolini argues that the prosecutor committed misconduct by shifting the burden of proof during her rebuttal closing argument. We disagree.

1.    Legal Principles

To prevail on a claim of prosecutorial misconduct, a defendant must show that the prosecutor's conduct was both improper and prejudicial in the context of all the circumstances of the trial. *State v. Zamora*, 199 Wn.2d 698, 708, 512 P.3d 512 (2022). Our analysis considers "the context of the case, the arguments as a whole, the evidence presented, and the jury instructions." *Slater*, 197 Wn.2d at 681. To show prejudice, the defendant is required to show a substantial likelihood that the misconduct affected the jury trial. *Id.*

In assessing whether a prosecutor's closing argument was improper, we recognize that the prosecutor has "wide latitude to argue reasonable inferences from the evidence, including evidence respecting the credibility of witnesses." *State v. Thorgerson*, 172 Wn.2d 438, 448, 258 P.3d 43 (2011). However, a prosecutor engages in misconduct if they make an argument that shifts the State's burden to prove guilt beyond a reasonable doubt. *State v. Osman*, 192 Wn. App. 355, 366, 366 P.3d 956 (2016). For example, a prosecutor cannot "ask the jury to decide who was telling the truth." *State v. Crossguns*, 199 Wn.2d 282, 297, 505 P.3d 529 (2022). " 'The jury's job is not to determine the truth of what happened. . . . Rather, a jury's job is to determine whether the State has proved the charged offenses beyond a reasonable doubt.' Inviting the jury to decide a case based on who the jurors believe is lying or telling the truth

---

confrontation clause violation cannot be raised for the first time on appeal. *State v. Burns*, 193 Wn.2d 190, 210-12, 438 P.3d 1183 (2019).

improperly shifts the burden away from the State." *Id.* at 298 (alteration in original) (quoting *State v. Emery*, 174 Wn.2d 741, 760, 278 P.3d 653 (2012)).

2.    Analysis

Here, the prosecutor stated that the case "comes down to a credibility determination." RP at 671. She then stated that under Washington law, no corroboration of a witness's testimony is needed "if you believe them. If you have an abiding believe in the truth of what they say." RP at 671.

Bortolini argues that the prosecutor (1) "argued that if there is an abiding belief in the truth of an alleged victim's statements then the jury is satisfied beyond a reasonable doubt," Br. of Appellant at 15; (2) argued that "Bortolini must be convicted if E.H. was to be believed," Br. of Appellant at 16; and (3) "improperly informed the jury that [they] only needed to believe E.H. to convict, to the expense of all other evidence." Br. of Appellant at 17.

But the prosecutor did not make such arguments. The prosecutor did not ask the jury to decide the case based on who was telling the truth. She did not suggest that the State had satisfied its burden beyond a reasonable doubt if the jury had an abiding belief in EH's testimony. She did not argue that the jury had to convict if they believed EH or they only needed to believe EH to convict.

The prosecutor simply addressed two issues. The case clearly involved credibility – EH claimed that she was raped and Bortolini denied it. And the law is clear that no corroboration is needed to support an alleged rape victim's testimony. RCW 9A.44.020(1) ("In order to convict a person of any crime defined in this chapter[,] it shall not be necessary that the testimony of the alleged victim be corroborated."). Accordingly, we hold that the prosecutor did not commit prosecutorial misconduct during closing argument.

CONCLUSION

We affirm Bortolini's second degree rape conviction.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

MAXA, P.J.

We concur:

LEE, J.

CHE, J.